**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Richard Drawdy,

Plaintiff,

v.

EOS CCA; and
DOES 1-10, inclusive,

Defendants.

Civil Action No.: 1:13-cv-10116

**FIRST AMENDED COMPLAINT**

For this First Amended Complaint, the Plaintiff, Richard Drawdy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Richard Drawdy ("Plaintiff"), is an adult individual residing in Chelsea, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, EOS CCA ("EOS CCA"), is a Massachusetts business entity with an address of 700 Longwater Drive, Norwell, Massachusetts 02061, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by EOS CCA and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. EOS CCA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A person other than the Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to EOS CCA for collection, or EOS CCA was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. EOS CCA Engages in Harassment and Abusive Tactics

12. In March 2012, Defendants began placing up to two calls a day to Plaintiff's landline, using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls"), in an attempt to collect a debt incurred by a person other than the Plaintiff and who does not reside at Plaintiff's residence.

13. On many occasions, Plaintiff returned Defendants' calls and informed Defendants that it had the wrong number and requested that Defendants cease calls.

14. Plaintiff never provided his residential phone number to Defendants.

15. Plaintiff never provided any express consent to Defendants to be called at his residential phone line.

16. Despite the foregoing, Defendants continued to place Robocalls to Plaintiff in an attempt to collect another person's debt.

### C. Plaintiff Suffered Actual Damages

**17.** The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair or unconscionable means to collect any debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

28. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

29. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

32. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 8, 2013

Respectfully submitted,

By _*/s/ Sergei Lemberg*_____________

Sergei Lemberg (BBO# 650671)

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of March, 2013, the foregoing was filed with the clerk of the Court through the CM/ECF system (ECF) and that the document is available on the ECF.

/s/ Sergei Lemberg
Sergei Lemberg